# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

ANTHONY FOGLE,
*Prisoner Identification No. 362-741,*

   Petitioner,

v.

J. MICHAEL STOUFFER,
*Warden of Roxbury Correctional Institution,*
and
BRIAN E. FROSH,
*Attorney General of the State of Maryland,*

   Respondents.

Civil Action No. TDC-15-0355

## MEMORANDUM OPINION

Anthony Fogle, currently confined at the Roxbury Correctional Institution in Hagerstown, Maryland, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition challenges Fogle's 2010 conviction in the Circuit Court for Baltimore County, Maryland for armed robbery and a related handgun offense. At the Court's request, Respondents filed an Answer in which they sought dismissal of the Petition on the basis that Fogle's claims are not cognizable and cannot be considered due to procedural default. Pursuant to an Order of this Court, Fogle filed a Response to the Answer. For the reasons set forth below, the Petition is dismissed.

## BACKGROUND

On April 9, 2010, Fogle was convicted by a jury in the Circuit Court for Baltimore County, Maryland of three counts of armed robbery, three counts of illegal use of a handgun, and theft. He was sentenced on April 30, 2010 to 30 years of imprisonment. Fogle filed a notice of

appeal to the Court of Special Appeals of Maryland on May 18, 2010. While his appeal was pending, Fogle filed a petition for post-conviction relief in the Circuit Court for Baltimore County, Maryland on March 24, 2012. He then requested that the Court of Special Appeals dismiss his appeal because he had not timely filed his brief and to allow him to proceed in seeking post-conviction relief, the proceedings for which were postponed pending the outcome of his appeal. Accordingly, the Court of Special Appeals dismissed the appeal on July 11, 2012.

Fogle's post-conviction petition to the Circuit Court, as amended by supplemental petitions, asserted that: (1) the trial court violated Maryland Rule 4-215(e), which governs a defendant's request to discharge counsel, by failing to inquire into the reasons for Fogle's request for a new attorney; (2) his trial and appellate counsel were ineffective; (3) there was insufficient evidence to support his convictions; (4) the docket entries in his case were inaccurate; (5) the jury instructions were improper because the trial judge did not instruct the jury that charging documents are not evidence; (6) the trial judge engaged in improper communications with the jury after deliberations began; (7) the trial court abused its discretion by postponing the case beyond the 180 days provided by Maryland law; (8) Fogle was unable to prepare a defense because the trial court granted or waived motions without his knowledge; and (9) there was an inconsistent verdict. Following a hearing, the Circuit Court denied post-conviction relief on September 30, 2013. Fogle filed an application for leave to appeal the Circuit Court's decision, which the Court of Special Appeals denied.

On February 1, 2015, Fogle submitted the instant Petition, which was received and docketed by this Court on February 9, 2015. Because the Petition is dated February 1, 2015, it is deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (holding that a petition shall be deemed to have

been filed on the date it was deposited with prison authorities for mailing under the prison mailbox rule); *see also United States v. McNeill*, 523 F. App'x 979, 982-83 (4th Cir. 2013).

## DISCUSSION

In his Petition to this Court, Fogle claims that: (1) he was subject to an inconsistent verdict; (2) the court improperly accepted a waiver of jury trial and set a trial date without providing him an initial appearance or an attorney; (3) the court failed to rule on his double jeopardy claim; and (4) the court failed to comply with Maryland Rule 4-215(e). Respondents argue that Fogle's claims should be denied for reasons including procedural default, failure to state a basis for relief, and failure to provide factual support.

### I. Exhaustion of State Remedies

As a threshold matter, a petitioner seeking habeas relief in federal court must exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1) (2012); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(c).

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, a defendant must assert it in an appeal to the Court of Special Appeals of Maryland and then to the Court of Appeals of Maryland by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301 (West 2011). To exhaust a claim through post-conviction proceedings, a defendant must assert it in a petition filed in the Circuit Court where the inmate was convicted within 10 years of the date of sentencing. *See* Md. Code Ann., Crim. Proc. §§ 7-101 to -103 (West 2011). After a decision on a post-conviction petition, further review is available through an application for leave to appeal filed

with the Court of Special Appeals. *Id.* § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. If the application is granted, but relief is denied on the merits of the claim, a petitioner must then file a petition for writ of certiorari to the Court of Appeals of Maryland. *See Williams v. State*, 438 A.2d 1301, 1304-05 (Md. 1981).

Respondents state that Fogle no longer has available direct appeal or state post-conviction remedies for any of the claims raised here. The Court agrees. Fogle filed an appeal to the Court of Special Appeals for the direct review of his convictions, and upon its dismissal he did not seek further review by the Court of Appeals of Maryland. As for post-conviction remedies, the Circuit Court denied his petition for relief, and his application for leave to appeal was denied. Accordingly, Fogle has exhausted state court remedies. *See* 28 U.S.C. § 2254(b)(1); *see also Alston v. State*, 40 A.3d 1028, 1033-35 (Md. 2012) (stating that a petitioner is limited to one petition for post-conviction relief arising out of a trial unless reopening the case is necessary to avoid a miscarriage of justice).

## II.   Procedural Default

Where a petitioner has exhausted his available state remedies, a court must then determine whether the procedural default doctrine applies to bar federal review of one or more of his claims. Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether by failing to raise the claim on direct appeal or in post-conviction proceedings, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 490-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46-47 (1972) (failure to raise claim in state petition for post-conviction

relief); *Bradley v. Davis*, 551 F. Supp. 479, 482 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). Specifically, a claim is procedurally defaulted if a "state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). A procedural default has also occurred when a habeas petitioner did not present the claim to a state court, and the state court "to which the petitioner would be required to present his claims . . . would now find the claims procedurally barred." *Id.* at 619 (quoting *Coleman*, 501 U.S. at 735 n.1).

If a procedural default has occurred, a federal court may still address the merits of a state defendant's habeas claim if the petitioner can show both cause for the default and actual prejudice that would result from failing to consider the claim on the merits. *See Murray*, 477 U.S. at 494-95; *Breard*, 134 F.3d at 620. "Cause" consists of "'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488). To demonstrate prejudice, the petitioner must show "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Procedural default may also be excused if the failure to consider the claim on the merits would result in a miscarriage of justice, as demonstrated by a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U. S. at 496. "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v.*

*Delo*, 513 U.S. 298, 324 (1995)). New evidence may consist of "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted). The new evidence must do more than undermine the finding of guilt; it must affirmatively demonstrate innocence. *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999). To invoke the actual innocence exception to the procedural default doctrine, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Here, Fogle's claims have been procedurally defaulted. First, Fogle asserts that the trial court improperly accepted an inconsistent verdict in that the jury acquitted him of carrying a handgun but convicted him of armed robbery and illegal use of a handgun. The state post-conviction court, however, found that "the Petitioner waived this allegation when he failed to raise this argument on appeal" in that he prevented the Court of Special Appeals from reviewing the claim because the court dismissed Fogle's appeal at his request. Am. Statement Reasons and Order 19, Resp'ts' Answer Ex. 4, ECF No. 10-4; *see also Murray*, 477 U.S. at 491-92. Likewise, the state post-conviction court found that Fogle waived his allegation concerning the failure to comply with Maryland Rule 4-215(e) because he chose to dismiss his direct appeal.

Fogle's remaining claims were not raised either on direct appeal or in a post-conviction petition. Fogle's claim that the trial court "improperly accepted [a] waiver to jury trial without providing defendant [with] an initial appearance or an attorney" was not raised on direct appeal or post-conviction review. Pet. 6, 8, 10. Similarly, the record reveals that Fogle did not raise, in either proceeding, his claim that the trial court failed to rule on the merits of his "motion to

dismiss the indictment on grounds of double jeopardy." *Id.*; *see id.* at 6, 8. Accordingly, a state court would now find these claims to be barred.

Neither exception to the procedural default bar applies. As to cause and prejudice, nothing in the record suggests that Fogle's procedural default was due to external circumstances. Fogle also presents no new evidence to support his claim of innocence. Instead, he argues that at the time of his July 17, 2009 arrest for the armed robbery of the M&T Bank in the Liberty Court Shopping Center, he had a four-inch gray beard. He states that although he was identified at trial by one witness, none of the witnesses to the crime who stated that "they got a good look at the gunman" ever described a gray beard. Pet'r's Resp. 2, ECF No. 15. He then posits that "[i]f the gunman's face was not covered entirely, the only feature that would have stood out would have been a 4" gray beard." *Id.* These representations are insufficient to establish actual innocence and do not provide a basis for excusing Fogle's procedural default.

### III. Cognizability

The Court notes that at least two of Fogle's claims would fail as a matter of law even if they were not procedurally defaulted. First, his inconsistent verdict claim is not cognizable. For a claim of relief under presented under § 2254 to be cognizable for review, the petitioner must assert a violation of federal law. *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2010) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law."); *Spencer v. Murray*, 18 F.3d 237, 239 & n.5 (4th Cir. 1994) (denying a claim regarding the reliability of evidence, which invoked neither a constitutional provision nor a constitutional right, because of the failure to state a federal claim). Because inconsistent verdicts in criminal trials are permitted under federal law, Fogle has not identified a violation of federal law. *See United States v. Powell*, 469 U.S. 57, 68-69 (1984). Second, Fogle's allegation as to a

waiver to trial by jury is inscrutable in light of the fact that he was, in fact, tried by a jury, and there is no indication that he waived such a right.

To the extent that Fogle has asserted a separate claim that his trial date was set without his appearance or the appearance of an attorney, Fogle arguably presented that claim on state post-conviction review to the extent that it was referenced in his argument concerning his inability to prepare a defense as a result of the trial court's actions. This claim fails, however, because it does not suggest a violation of federal law. Accordingly, the claim is not cognizable on federal habeas review. In any event, the record shows that the trial court granted a motion for a joint trial on September 1, 2009, which was then vacated at counsel's request because Fogle "did not have counsel at the time the Order was signed" and had not received notice of the motion. Am. Statement Reasons and Order 17-18. The State then renewed its motion for a joint trial, which was then granted at a motions hearing with both Fogle and his attorney present. The trial date of April 6, 2010 was also set after Fogle's attorney had entered his appearance and with Fogle present.

### IV.     Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that

"reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.* at 478.

Here, Fogle's claims are dismissed on procedural grounds, and this Court finds that Fogle has not made the requisite showing to warrant a certificate of appealability. The Court therefore declines to issue a certificate of appealability. Fogle may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Court dismisses the Petition for Writ of Habeas Corpus with prejudice and declines to issue a certificate of appealability. A separate Order shall issue.

Date: February 10, 2017

THEODORE D. CHUANG
United States District Judge